IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CECIL JAMES MESSER, JR., | : |
|     Plaintiff, | : |
| vs. | :    CIVIL ACTION NO.: 24-0406-JB-MU |
| MS. KING, *et al.,* | : |
|     Defendants. | : |

### REPORT & RECOMMENDATION

Plaintiff Cecil James Messer, Jr., a pretrial detainee proceeding *pro se,* filed a complaint under 42 U.S.C. § 1983, together with a Motion to Proceed Without Prepayment of Fees (IFP motion). (Docs. 1, 2). This action has been referred to the undersigned Magistrate Judge for consideration and disposition or recommendation as may be appropriate pursuant to 28 U.S.C. § 636(b)(1) and in accordance with S.D. Ala. GenLR 72. (*See* Docket Sheet, notation electronically entered 11/7/2024). After initiating this action, Plaintiff has failed to prosecute it. Accordingly, the undersigned **RECOMMENDS** that Messer's complaint (Doc. 1) be **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 41(b).

### I. Background

Plaintiff initiated this action by filing a complaint and IFP motion on November 4, 2024. Based on the representations in Plaintiff's IFP motion, the Court determined Plaintiff lacked sufficient funds to prepay the $350 filing fee for this action and therefore granted the motion on November 13, 2024. (Doc. 4). Plaintiff was ordered to pay a partial filing fee of $2.00 by December 13, 2024. (*See id.*). The Order also warned

Plaintiff that failure to file the partial filing fee by the directed date would result in the undersigned Magistrate Judge recommending that his action be dismissed. (*Id.* at 2). The deadline for paying the partial filing fee has now passed and no payment has been made.

## II. Legal Analysis

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *see also* S.D. Ala. CivLR 41(c) ("Whenever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law."). In the present action, Plaintiff filed his initial complaint and IFP motion on November 4, 2024, and the Court has not received any filing or correspondence from him since that date. Plaintiff's deadline for compliance with the Court's order to pay a partial filing fee has now lapsed with no response from him, despite the Court's clear warning that failure to comply would result in the recommendation for dismissal of his action. (Doc. 4).

Upon consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** for failure to prosecute, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice. *Link v. Wabash R. R.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *see also Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (dismissal for disregarding an order after a litigant has been

forewarned is generally not an abuse of discretion), *cert. denied,* 493 U.S. 863 (1989); *see Frith v. Curry,* 812 F. App'x 933, 934-35 (11th Cir. 2020) (affirming an action's dismissal when an inmate, who had been warned that failure to comply would result in his action's dismissal for failure to prosecute, did not respond to the court's order and did not pay the partial filing fee even though he filed his signed consent form); *Freeze v. Sec'y, Dep't of Children & Families,* 825 F. App'x 606, 610 (11th Cir. 2020) (affirming the dismissal without prejudice of the complaint for failure to follow court orders to amend his complaint).

### III. Conclusion

In accordance with the foregoing, the undersigned **RECOMMENDS** that Plaintiff's complaint (Doc. 1) be **DISMISSED without prejudice**.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of

justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **7th** day of **January**, **2025**.

                                        s/P. BRADLEY MURRAY
                                      **UNITED STATES MAGISTRATE JUDGE**